CRANE SUPPLY COMPANY, a Division of Crane Company, Plaintiff-Appellee,

v.

AMERICAN STATES INSURANCE COMPANY, Defendant-Appellant.

No. 14714.

United States Court of Appeals Sixth Circuit.

Nov. 15, 1962.

John P. Sandidge, Louisville, Ky., A. Singleton Cagle, Woodward, Hobson & Fulton, Louisville, Ky., on brief, for appellant.

Wilbur O. Fields, Louisville, Ky., Garner M. Petrie, Associate Counsel, Louisville, Ky., on brief, for appellee.

Before CECIL, Chief Judge, McALLISTER, Circuit Judge, and LEVIN, District Judge.

McALLISTER, Circuit Judge.

Plaintiff-appellee is an unpaid material supplier that furnished building materials to a contractor for use in the completion of a construction contract for schools in Louisville, Kentucky. Defendant-appellant is a compensated surety that furnished a materials and labor bond to guarantee payment of the materials and labor used by the contractor in case of his failure to pay. Subsequently, when the contractor became embarrassed financially, he executed notes payable to the plaintiff-appellee running for a period of less than three months and bearing interest at the rate of 6% after maturity. On the trial, the jury, in answer to an interrogatory, found that the notes were not accepted by plaintiff-appellee as payment of the obligations owed to it by the contractor; and the sums owing to appellee supplier not having been paid, the jury returned a verdict in favor of the supplier against the surety.

Defendant-appellant surety company contends that it was discharged of its obligation under the surety bond for the reason that it was prejudiced by plaintiff-appellee's acceptance of the contractor's promissory notes.

The issue is whether the acceptance of the contractor's notes prejudiced the compensated surety. If the notes had been accepted by appellee material supplier in payment of the contractor's indebtedness, the surety might well have been prejudiced, because of the grant of

an extension of time for paying such indebtedness; and, accordingly, the surety might, therefore, have been released from its obligation on the bond.

The evidence, adduced on behalf of appellee supplier, disclosed that when the contractor fell behind in his payments for materials to the supplier, the contractor and the supplier entered into an agreement whereby notes were given; that the contractor at that time considered he could collect all sums due him on the jobs within a period of ninety days; that the notes contained dates of payment within ninety days; that the supplier was, in any event, entitled by law to charge 6% on past-due indebtedness; that the notes bore interest at the rate of 6% after the maturity date; that it was understood that the notes were given only to evidence the indebtedness of the contractor to the supplier; that it was further agreed that, *at any time* when the contractor was entitled to payment of funds, from the School Board, on the various jobs, the contractor and the supplier would, together, go before the School Board; that, at such a time, the supplier would give a waiver of lien or release; and that, upon the furnishing of such waiver of lien or release, the money would be paid over to the supplier by the School Board.

The jury, as heretofore stated, found that the notes were not accepted by the supplier in payment of the contractor's indebtedness. In accordance with this finding in favor of appellee, it is to be concluded that, under the evidence, the jury impliedly found that the notes were taken merely to evidence the indebtedness; that they were given by the contractor to the supplier pursuant to the terms of an agreement in which the contractor and the supplier stipulated that the amounts, set forth in the notes, were to be paid at any time the contractor was entitled to payment by the School Board; that, because of their agreement, there was no extension of any specific time granted by the appellee to the contractor for the payment of the indebtedness, and, accordingly, no consideration for any extension for payment; and that the due dates of the notes, and the interest provisions therein, did not change the agreement of the parties, that the supplier would receive payment for its materials, as soon as the contractor became entitled to payment by the School Board.

While the foregoing have here been characterized as implied findings of the jury, the evidence in the case amply sustained such implied findings. If the evidence in support of the verdict be substantial, the implied findings of the jury will be deemed sufficiently supported. Unless the verdict is opposed to the physical facts or inherently incredible, the court on appeal will view the evidence in the light most favorable to the verdict, giving the evidence the benefit of all inferences that may reasonably and legitimately be drawn therefrom. Defendant-appellant states that it takes no issue with the jury's verdict; and it raised no objection to the trial court's instructions.

The compensated surety suffered no injury or prejudice by reason of plaintiff-appellee's acceptance of the contractor's promissory notes as evidence of the amount of the indebtedness due, in accordance with the terms of the agreement between the appellee and the contractor; and, therefore, the surety is not discharged from its liability under the bond. There was no error on the part of the district court in overruling defendant-appellant's motion for a directed verdict and a motion for a judgment notwithstanding the verdict.

Accordingly, the judgment of the district court entered on the verdict of the jury is affirmed. The motion of plaintiff-appellee for an award of damages of 10% for unnecessary delay and costs, based upon the claim of a frivolous appeal, is denied.